UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:	Chapter 11
	Case No.: 25-43632-jmm

5612 9th AVE LLC,

                                        Debtor.
-----------------------------------------------------------X

**DECLARATION OF LIN GAO, DEBTOR'S MANAGING MEMBER,
IN COMPLIANCE WITH RULE 1007-4
<u>OF THE LOCAL BANKRUPTCY RULES OF THIS COURT</u>**

STATE OF NEW YORK    )
                               ) ss:
COUNTY OF SUFFOLK    )

Lin Gao, declares as follows under the penalty of perjury pursuant to 28 U.S.C. §1746:

1.     I am the managing member of 5612 9th Ave LLC (the "Debtor"), a limited liability company duly incorporated and organized under the laws of the State of New York. I have knowledge of and am familiar with the day-to-day operations, business and financial affairs, and books and records of the Debtor. With respect to pending legal matters, I have relied upon the advice and counsel of the Debtor's attorneys and other professionals.

2.     I submit this Declaration (the "Declaration") in support of the Debtor's voluntary petition (the "Petition") for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C.§§ 101, et. sec. (as amended, the "Bankruptcy Code"); and pursuant to Rule 1007-4 of the Local Rules of Bankruptcy Procedure for the Eastern District of New York (the "LBR").

3.     Any capitalized term not defined herein shall have the meaning ascribed to such term in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and/or the LBR.

4.	Except as otherwise noted herein, all facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, or my opinion based upon my experience and knowledge of the Debtor's operations and financial condition. If called upon to testify, I could and would testify competently to the facts set forth in this Affidavit.

5.	Unless otherwise indicated, the financial information set forth in this Declaration is unaudited.

## **Background**

6.	On July 30, 2025 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York. No trustee, examiner or committee of unsecured creditors has as yet been appointed, and the Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

7.	The Debtor is a New York limited liability company, formed on July 18, 2021, and maintains its principal place of business at 5612 9th Avenue, Brooklyn, New York 11220. The Debtor's books and records and senior management are located in at its principal place of business.

8.	As the managing member of the Debtor, I make all of the major decisions for the Debtor.

9.	The Debtor is a small business within the meaning of 11 U.S.C. §101(51C).

10.	The Debtor is a single asset real estate debtor within the meaning of Bankruptcy Code §101(51B).

11.	The Debtor is a single asset real estate entity that owns a property located at 5612 9th Avenue, Brooklyn, New York 11220 (the "Property"). The Chapter 11 case was filed to

provide the Debtor with a breathing space to reorganize and to avoid the default interest provision in the Note and Mortgage on the Property.

12. This case was not commenced under Chapter 7, Chapter 12 or Chapter 13 case, and no trustee has been appointed in the case.

13. To the best of my knowledge, no unofficial creditor or other committees were formed in connection with the Debtor's Chapter 11 case prior to its commencement.

14. A list containing the names, addresses and the amounts of the claims of the Debtor's twenty (20) largest known non-insider, general, unsecured creditors, is filed with the Petition and Schedules at Docket No. 1 and is incorporated herein by reference. This document designates which claims are disputed, contingent or unliquidated. To the best of my knowledge, none of the claims listed on that schedule are partially secured.

15. It is believed that only one creditor is secured against the Debtor's assets. Specialized Loan Servicing holds the first mortgage against the Property and is owed approximately $1,053,738.40 which is secured against the Property.

16. A copy of the Debtor's Summary of assets and liabilities is filed with the Debtor's schedules at Docket No. 1 and is incorporated herein by reference.

17. To the best of my knowledge, there are no classes of shares of stock, debentures, or other securities of the Debtor that are publicly held.

18. To the best of my knowledge, there is no property of the Debtor in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity.

19. The Debtor's principal place of business and its principal assets are located at the Property as are the Debtor's books and records.

20. There were no actions pending on the Filing Date where a judgment was imminent. New York State held and continues to hold a tax warrant that execution upon was imminent on the Filing Date.

21. The Debtor's existing senior management consists of Anna Wang and Lin Gao.

22. The Debtor has no employees and estimates having no payroll during the course of this case.

23. The gross amount to be paid for services for the thirty (30) day period following the filing of the Chapter 11 petition myself, who is an officer, stockholder, and director of the Debtor shall be approximately $0.00.

24. The Debtor estimates that during the 30 days following the filing of this case, its cash receipts from the operation of its business shall be $4,000.00.

25. The Debtor estimates (subject to reduction pursuant to negotiations) that during the 30 days following the filing of this case, its cash disbursements, inclusive of payroll, salaries, sales taxes, etc., shall total approximately 0.00.

26. As a result, the Debtor believes that its net cash gain during the 30 days following the filing of this case shall be approximately $4,000.00.

27. The Debtor currently holds a homeowner's insurance policy with Utica First Insurance Company which expires on October 27, 2025.

28. The Debtor holds a pre-petition bank account at Royal Business Bank with a balance of $2,933.64. The Debtor plans to close this account and open a DIP account shortly after the filing.

29.     The Debtor intends to reorganize either by paying reinstating its mortgage through rental receipts and other sources or by selling the Property.

30.     It is therefore respectfully submitted that it will be in the best interests of all entities for the Debtor to continue in the management of its business and of its property in this Chapter 11 case.

/s/Lin Gao
Lin Gao, Managing Member